UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA C. ARNETTE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC., a foreign profit corporation,<br><br>　　　　　　　　　Defendant. | CASE NO. 3:21-cv-05608-DGE<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiff Lisa Arnette's motion to remand this case to the Pierce County Superior Court. (Dkt. No. 7.) Defendant Walmart, Inc. ("Walmart") opposes Plaintiff's motion. (Dkt. Nos. 1 and 11.)

Having considered Plaintiff's motion, Defendant's response, the exhibits and declarations attached thereto, and the remainder of the record, the Court GRANTS Plaintiff's motion and REMANDS this case to the Pierce County Superior Court.

ORDER GRANTING MOTION TO REMAND - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she tripped and fell on a cupped floormat at Defendant's Bremerton, Washington store on January 1, 2018. (Dkt. No. 1-2 at 125.) Plaintiff sought treatment immediately after her injury, complaining of pain in her right knee and an exacerbation of pre-existing pain in her back and ankle. (Dkt. Nos. 1-2 at 22-23; 8-1 at 2-13.)

On January 21, 2020, Plaintiff filed a complaint in the Pierce County Superior Court alleging that Defendant breached its duty to Plaintiff by acting negligently and failing to maintain it premises in a reasonably safe condition. (Dkt. No. 8-1 at 14-17.) Plaintiff's attorney, Joseph Michael Koch, died on March 3, 2020, and Plaintiff's current attorney, Greg Memovich, took over the case on May 1, 2020. (Dkt. No. 8-1 at 23-28.)

Plaintiff's initial complaint did not plead an amount regarding damages, and on July 13, 2020, Plaintiff objected to an interrogatory inquiring about the special and general damages she sought. (Dkt. Nos. 1-2 at 28; 8-1 at 14-17.) On July 17, 2020, Plaintiff filed a Statement of Damages pursuant to Revised Code of Washington 4.28.360, alleging past medical expenses of $5,084.00, future medical expenses of $5,000.00, and non-economic damages of $40,000.00. (Dkt. No. 1-2 at 57-58.)

Over the next several months, counsel for Plaintiff and Defendant exchanged emails and telephone calls concerning additional medical examinations, the possibility of arbitration, and settlement. (Dkt. No. 1-2 at 38-55.)

On August 10, 2021, Plaintiff objected to a Statement of Arbitrability filed by Defendant, checking a box on the form indicating that her claim exceeded $100,000.00. (*Id.* at 93.)

On August 12, 2021, Defendant asked Plaintiff to withdraw or otherwise produce information legitimizing her objection, stating that by objecting to the Statement of Arbitrability

ORDER GRANTING MOTION TO REMAND - 2

1  while actively ignoring requests for damages information, Plaintiff was "deliberately engaging in
2  bad faith litigation tactics intended to prejudice" Defendant.  (Dkt. No. 1-2 at 95-97.)  Receiving
3  no response to its request, Defendant filed a notice of removal with this Court on August 23,
4  2021.  (Dkt. No. 1 at 11.)
5        On September 22, 2021, Plaintiff filed the instant motion to remand this case to the
6  Pierce County Superior Court.  (Dkt. No. 7.)  Plaintiff argues that Defendant's notice of removal
7  was improper because it was filed more than one year after the case was filed in the Pierce
8  County Superior Court, contrary to 28 U.S.C. § 1446(c)(1), which bars removal to federal court
9  based on diversity jurisdiction one year after the commencement of such an action.  (*Id*.)
10       Defendant argues that this case is still subject to removal despite this because Plaintiff
11 acted in bad faith by "deliberately fail[ing] to disclose the actual amount in controversy to
12 prevent removal" pursuant to 28 U.S.C. § 1446(c)(3)(B).  (Dkt. Nos. 1 at 12-17; 11 at 1-8.)
13       Plaintiff contends that she did not act in bad faith, expressed skepticism at an early stage
14 that her claim would be appropriate for arbitration, and determined that her damages exceeded
15 $100,000.00 after her treatment concluded and her medical records were reviewed by a qualified
16 physician. (Dkt. No. 7 at 2-5.)

## II.    DISCUSSION

### A.  Legal Standard

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a).

One such basis for removal is diversity jurisdiction, which exists if the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28

U.S.C. § 1332(a)(1).  If a case is not initially removable, the defendant may file a notice of removal within 30 days of receiving a copy of an amended pleading or other paper form from which the defendant first ascertains that the case has become removable.  28 U.S.C. § 1446(b)(3).

However, a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action.  28 U.S.C. § 1446(c)(1).  As relevant to this case, a plaintiff acts in bad faith by "deliberately fail[ing] to disclose the actual amount in controversy to prevent removal."  28 U.S.C. § 1446(c)(3)(B).

It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Although the Ninth Circuit has not defined a standard for district courts to use when evaluating the 28 U.S.C. § 1446(c)(1) bad faith exception, district courts in the Ninth Circuit have stated that "defendants face a high burden to demonstrate that a plaintiff acted in bad faith to prevent removal." *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. Jul. 27, 2016).

Further, as the "master of [the] complaint", absent a "heightened indication of bad faith", a plaintiff is "entitled to use deliberate tactics to defeat federal jurisdiction." (*Id.* at *5); *see also Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1273 (D.N.M. 2014) (There is nothing

ORDER GRANTING MOTION TO REMAND - 4

"inherently invidious or 'bad faith' about using deliberate tactics to defeat federal jurisdiction," nor is there anything "wrong with plaintiffs having a preference for state court.")

### B.  Insufficient Evidence of Bad Faith

Here, Defendant alleges that Plaintiff acted in bad faith by: (1) intentionally causing defense counsel to delay removal based on representations that a pending medical consultation could impact Plaintiff's claim for damages; and (2) affirmatively claiming an amount below the $75,000.00 diversity jurisdiction threshold until the statutory bar passed and intentionally ignoring attempts to ascertain the actual amount in controversy.  (Dkt. No. 11 at 4-7.)

Based on its review of the record, the Court does not find heighted indications of bad faith by Plaintiff sufficient to warrant an exception to the one year limitation on removal of diversity actions present in § 1446.

Plaintiff expressed early uncertainty about whether her claims were appropriate for arbitration, (Dkt. 8-1 at 30), medical evidence from December 2020 indicated that her back and knee conditions had worsened (*id.* at 51), and a June 2021 evaluation of the medical evidence conducted by an orthopedic surgeon, provided shortly before Plaintiff objected to Defendant's Statement of Arbitrability, revealed that Plaintiff's pre-existing pain was "markedly worsened" by her fall at Walmart.  (*Id.* at 54-56.)

Accordingly, the Court finds that Plaintiff did not act in bad faith; her statement that she waited until the conclusion of her treatment and the review of her medical records by a physician to determine her damages is broadly supported by the record, and the Court finds insufficient evidence that Plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal pursuant to 28 U.S.C. § 1446(c)(3)(B).

### III.  ORDER

Having considered Plaintiff's, Defendant's Response, the exhibits and declarations attached thereto, and the remainder of the record, the Court finds and ORDERS:

(1) Plaintiff's Motion to Remand (Dkt. No. 7) is GRANTED.

(2) Defendant's removal to this Court (Dkt. No. 1) was untimely under 28 U.S.C. § 1446(c), and this matter is REMANDED to Pierce County Superior Court.

Dated this 18th day of January, 2022.

David G. Estudillo
United States District Judge